THE BASIL LAW GROUP, P.C.
Robert J. Basil, Esq. (RB3410)
Neil Grossman, Of Counsel (NG9113)
1270 Broadway, Suite 305
New York, New York 10001
917-512-3066
Attorneys for Plaintiff, eTeam, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| eTeam, Inc., | : | |
| 1001 Durham Avenue, Suite 201 | : | |
| South Plainfield, NJ 07080 | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:15-CV-05057 (WHW) (CLW) |
| | : | |
| vs. | : | |
| | : | |
| Hilton Worldwide Holdings, Inc. | : | AMENDED COMPLAINT |
| 7930 Jones Branch Drive | : | |
| McLean, Virginia 22102, | : | |
| and | : | |
| Hilton Worldwide, Inc. | : | |
| 7930 Jones Branch Drive | : | |
| McLean, Virginia 22102, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, eTeam, Inc. ("eTeam"), by way of Complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff, eTeam, a New Jersey corporation with its principal place of business located at 1001 Durham Avenue, Suite 201, South Plainfield NJ 07080, is a company engaged in the staffing industry, specializing in providing talented employees and independent contractors to various departments of companies located in New Jersey and elsewhere.

- 1 -

2. Defendant Hilton Worldwide Holdings, Inc. is an internationally known Delaware Corporation with its corporate headquarters located at 7930 Jones Branch Drive, McLean, Virginia 22102, providing hotel services in New Jersey and worldwide.

3.. Defendant Hilton Worldwide, Inc. is an internationally known Delaware Corporation with its corporate headquarters located at 7930 Jones Branch Drive, McLean, Virginia 22102, providing hotel services in New Jersey and worldwide (defendants Hilton Worldwide Holdings, Inc. and Hilton Worldwide, Inc. are referred to herein collectively as "Hilton").

## JURISDICTION AND VENUE

4 .Pursuant to 28 USC 1332(a) (1) and 1332(a)(2), this court has subject matter jurisdiction over this action because eTeam is diverse from Hilton and the amount in controversy against Hilton exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over defendant Hilton, as it undertakes substantial business in New Jersey, including the transactions at issue here, undertook promotional activities within New Jersey regarding its services rendered related to this action, engaged in telephonic and other communications with eTeam related to the services and events at issue, committed the wrongful acts alleged in this Complaint, with their negative effects being suffered by eTeam solely within the State of New Jersey, obtained wrongfully eTeam's funds from New Jersey as a direct result of the wrongful acts alleged in this Complaint, and undertook these wrongful acts with knowledge that any damages suffered would be suffered by eTeam within the State of New Jersey.

6. Venue is proper pursuant to 28 USC 1391, as eTeam incorporated under the laws of the State of New Jersey, maintains its principal place of business in this District, many events underlying these claims took place in this District, and several witnesses reside within this District.

- 3 -

## FACTUAL BACKGROUND

7.  This matter is based upon Hilton's wrongful actions which resulted in eTeam suffering damages in excess of $75,000 as a result of credit card fraud, all of that amount being obtained by Hilton from eTeam and kept by Hilton despite eTeam's demands for refunds and reimbursement.

8.  In about October 2013, a then-current employee of eTeam, Jackline Ongwenyi, used eTeam's Chase Bank credit card account number (that account to be referred to herein as the "Credit Account") for a short, authorized stay at the Hilton Garden Inn, San Francisco Airport North in California.

9.  Because Ms. Ongwenyi did not possess a physical credit card, Hilton's employee in San Francisco communicated with eTeam's employee in New Jersey to obtain eTeam's authorization for Ms. Ongwenyi's use of the Credit Account.

10. eTeam's representative informed Hilton's representative that Ms. Ongwenyi was entitled to use its Credit Account for a stay of no more than five days, and as a result she began her authorized stay at the Hilton.

11. Hilton was thus actually aware that Ms. Ongwenyi personally lacked authority to make use of the Credit Account and that any such use by Ms. Ongwenyi had to be authorized by appropriate eTeam personnel.

12. After the authorized stay period expired, Ms. Ongwenyi left her employment with eTeam, but continued to use the eTeam Credit Account to pay for hotel services at the Hilton.

13. Notwithstanding Hilton's actual awareness that Ms. Ongwenyi lacked authority to make use of the Credit Account, Hilton permitted her to do so even after the five-day authorization period had expired.

14. Hilton never checked with eTeam regarding any additional authorizations.

15. Hilton collected over $75,000 from eTeam's credit card provider for unauthorized stays and services Hilton provided to Ms. Ongwenyi, all of which was paid to the credit card provider by eTeam.

16. eTeam attempted to resolve this matter with the Hilton, but the Hilton declined to give eTeam any relief.

## COUNT I

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

17. eTeam incorporates all of the allegations contained other paragraphs of this Complaint as if fully set forth herein.

18. eTeam is a "person" as defined by N.J.S.A. 56:8-1(d).

19. Hilton is a "person" as defined by N.J.S.A. 56:8-1(d).

20. Hotel services as supplied by Hilton to eTeam and Ms. Ongwenyi are "merchandise" as defined by N.J.S.A. 56:8-1(c).

21. The charges for hotel services supplied by Hilton were "sales" as defined by N.J.S.A. 56:8-1(e).

22. Accordingly, under the facts alleged in this complaint, eTeam is a consumer entitled to the protection and remedies provided for by N.J.S.A. 56:8-1, et seq. and Hilton is a person subject to all of the remedies available to eTeam under N.J.S.A. 56:8-1.

23. Hilton and its agents, employees, and representatives engaged in an unconscionable

commercial practice, deception, fraud, false pretense, false promise or misrepresentation against eTeam, as described in this Complaint.

24.  Hilton knowingly concealed, suppressed or omitted at least one material fact from plaintiffs, *i.e.,* that Hilton was continuing to provide services to Ms. Ongwenyi without authorization from eTeam, and at eTeam's sole expense, with intent that eTeam would rely upon such omission to pay Hilton for these unauthorized services.

25.  eTeam reasonably relied upon the aforesaid concealment and/or omissions of material fact to its detriment by not giving notice to Hilton that Ms. Ongwenyi was not authorized to use eTeam's credit account for hotel services beyond the five-day period specifically authorized by eTeam.

26.  The aforesaid misrepresentations were material to the transactions at issue.

27.  As a result of Hilton's misconduct, eTeam sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

28.  In light of the aforesaid, Hilton (through their employees and agents) violated N.J.S.A. 56:8-1, et seq.

29.  Prior to filing suit, eTeam propounded a demand upon Hilton to make eTeam whole and Hilton refused to comply.

30.  Plaintiffs bring this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

   **WHEREFORE**, eTeam demands judgment against Hilton for:  (1) Compensatory damages; (2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by

means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT II

### NEGLIGENCE/GROSS NEGLIGENCE

31.  eTeam incorporates the other paragraphs of this Complaint as if fully set forth herein.

32.  Hilton knew or should have known that eTeam was likely to suffer economic harm in the event that Hilton failed to take reasonable measures to avoid the risk of unauthorized use of eTeam's Credit Account with Chase Bank.

33.  As a result of Hilton's failure to inquire of eTeam regarding the use of eTeam's Credit Account by Ms. Ongwenyi beyond the five-day authorized period eTeam had communicated to Hilton, or to otherwise act reasonably to protect eTeam from the risk of unauthorized charges to its credit account, eTeam suffered damages from unauthorized charges in an amount exceeding $75,000.

34.  All losses and damages suffered by eTeam from Ms. Ongwenyi's unauthorized use of eTeam's Credit Account were proximately caused by Hilton's negligence or gross negligence, as described above.

35.  As a result of Hilton's negligence and gross negligence related to eTeam, Hilton is liable to eTeam for all amounts claimed in this Complaint.

**WHEREFORE**, eTeam demands judgment against Hilton for: (1) Compensatory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT III

## COMMISSION OF COMMON LAW EQUITABLE FRAUD

36.  Plaintiffs incorporate all of the allegations contained in the other paragraphs of this Complaint as if fully set forth herein.

37.  Hilton made certain misrepresentations and/or omissions of presently existing or past material fact to eTeam with regard to the transactions at issue.  Specifically, those misrepresentations included, but are not necessarily limited to, the continued provision of services to Ms. Ongwenyi, at eTeam's expense, but which were not authorized by eTeam, while omitting reporting to eTeam that such services were being provided at eTeam's expense.

38.  Hilton knew or should have known that these omissions of facts to be material, crucial to the payment for these services by eTeam, unknown to eTeam, and that eTeam would be relying upon Hilton to disclose these facts so that it could protect itself from unwarranted charges to its credit account.

39. eTeam reasonably relied upon the aforesaid misrepresentations and/or omissions of material facts to its detriment.

40. As a result of the aforesaid misconduct by Hilton, eTeam suffered damages.

41. Said conduct on Hilton's part constitutes the commission of equitable fraud against eTeam

**WHEREFORE**, eTeam demands judgment against Hilton for: (1) Compensatory damages; (2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT IV
### NEGLIGENT MISREPRESENTATION

42. eTeam incorporates all of the allegations contained in the other paragraphs in this Complaint as if fully set forth herein.

43. The aforementioned misconduct and repercussions establish the elements of the tort of negligent misrepresentation.

**WHEREFORE**, eTeam demands judgment against Hilton for: (1) Compensatory damages; (2) The remedies provided for under any statutes pled herein, including but not

limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT V

## UNJUST ENRICHMENT

44. eTeam incorporates all of the allegations contained in the other paragraphs in this Complaint as if fully set forth herein.

45. The aforementioned misconduct and repercussions establish the elements of unjust enrichment.

**WHEREFORE**, plaintiffs demand judgment against all defendants named to this count jointly and/or severally for: (1) Compensatory damages; (2) The remedies provided for under any state and/or federal statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation

damages; and (4) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

> THE BASIL LAW GROUP. P.C.
> *Attorneys for plaintiffs, eTeam, Inc.*
>
>
> By:  s/ Neil Grossman
>       Neil Grossman,
>       Of Counsel (NG9113)

Dated:  July 20, 2015

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues raised herein.