NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ETEAM, INC, <br>                  Plaintiff, <br>      v. <br> HILTON WORLDWIDE HOLDINGS, INC., and HILTON WORLDWIDE, INC., <br>                  Defendants. | **OPINION** <br><br> Civ. No. 15-5057 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff eTeam, Inc. claims that Defendants Hilton Worldwide, Inc. ("Hilton Worldwide") and Hilton Worldwide Holdings, Inc. ("Hilton Holdings") committed negligence, fraud, negligent misrepresentation, and unjust enrichment by allowing a former eTeam employee to charge an extended stay at a Hilton hotel to an eTeam corporate account. Plaintiff moves under Fed. R. Civ. P. 55 for default judgment against Hilton Worldwide. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied because it seeks default judgment against Hilton Worldwide only, and judgment as to both defendants must be consistent under *Frow v. De La Vega*, 82 U.S. 552 (1872).

**PROCEDURAL AND FACTUAL BACKGROUND**

In October of 2013, Plaintiff eTeam authorized one of its employees, Jackline Ongwenyi, to stay at a Hilton Garden Inn in San Francisco. Am. Compl., ECF No. 4, ¶ 8. A Hilton employee in San Francisco communicated with an eTeam employee in New Jersey and obtained authorization to charge eTeam's corporate credit account for Ongwenyi's stay. *Id.* ¶ 9. The

1

Hilton employee was informed that Ongwenyi was authorized to stay for no more than five days. *Id.* ¶ 10. At the end of these five days, Ongwenyi left her employment with eTeam but continued to stay at the Hilton, using eTeam's credit account to pay for hotel services. *Id.* ¶ 12. Ongwenyi's unauthorized charges totaled $82,883.64. Decl. of Bipin Thakur, ECF No. 7-2 ¶ 8; *id.* Ex. A.

eTeam brought this action against Hilton Holdings on July 1, 2015. On July 20, 2015, it amended its complaint, adding Hilton Worldwide as another defendant. ECF No. 4. Hilton Worldwide was served on July 21 and failed to defend this action. ECF No. 5. Plaintiff requested and obtained an entry of default as to Hilton Worldwide on September 22, 2015. Although it appears that Hilton Holdings was served on July 9, 2015 because Plaintiff's counsel submitted an invoice from a process server as part of an application for a fee award, *see* ECF No. 7-5 at 13, Plaintiff has not submitted proof of service to the Court nor obtained a default against Hilton Holdings. Plaintiff now moves for default judgment against Hilton Worldwide. Mot. for Default Judgment, ECF No. 7.

## STANDARD OF REVIEW

The "entry of a default judgment is left primarily to the discretion of the district court," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984), but the Third Circuit "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider: (1) whether there will be prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.

2

2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages. A damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

In *Frow v. De La Vega*, the Supreme Court held that, where one defendant has defaulted and others have not, a "final decree on the merits cannot be made separately" against the defaulting defendant while the case is still pending against non-defaulting defendants. 82 U.S. 552, 554 (1872). Later courts have interpreted *Frow* to stand "for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant . . . ." *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). Courts have further explained that, under *Frow*, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants . . . ." *Animal Sci. Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); *see also* Charles A. Wright et al, 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) (Where "several defendants have closely related defenses . . . entry of judgment . . . should await an adjudication of the liability of the nondefaulting defendants.").

Under Fed. R. Civ. P. 54(b), where a court does enter final judgment "as to one or more, but fewer than all, claims or parties," it must make an express determination "that there is no just reason for delay." If the Court does not make such a determination, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

## DISCUSSION

### I. Jurisdiction

Under 28 U.S.C. § 1332, diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The amount in controversy here exceeds $75,000. Am Compl. ¶ 4. Plaintiff is a New Jersey Corporation with its principal place of business in New Jersey. *Id.* ¶ 1. Plaintiff alleges that both Defendants are Delaware corporations with "corporate headquarters located at 7930 Jones Branch Drive, McLean, Virginia." *Id.* ¶¶ 1-2. Although Plaintiff has not specifically alleged Defendants' principal place of business, *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the Court here will take judicial notice that the McLean, Virginia address is Hilton's principal place of business based on publically available documents filed with the SEC. *See* Hilton Worldwide Holdings, Inc. Annual Report (Form 10-k), (Form S-4); *see, e.g., Powell v. Airlines*, 2015 WL 6867185 at *5 (E.D.N.Y. Nov. 6, 2015) (judicial notice that Delta Airlines, Inc. had its principal place of business in Atlanta, Georgia based on SEC filings). The Court is satisfied that diversity jurisdiction exists in this action.

4

## II. Default Judgment is denied under the *Frow* doctrine.

Default has been entered and default judgment has been requested only against Hilton Worldwide. Plaintiff has not obtained a default or requested default judgment against Hilton Holdings. "The key in deciding whether to extend *Frow* outside situations in which liability is joint and several is to recognize that the *Frow* principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable." Charles A. Wright et al, 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) (citing *Frow*, 82 U.S. 552).

Throughout Plaintiff's Amended Complaint, both defendants are referred to collectively as "Hilton." *Id.* As example, the Amended Complaint alleges that "Hilton was . . . actually aware that Ms. Ongwenyi personally lacked authority to make use of the Credit Account and that any such use by Ms. Ongwenyi had to be authorized by appropriate eTeam personnel." *Id.* ¶ 11. Plaintiff's allegations against both Defendants are identical, and nothing in the Amended Complaint allows the Court to determine what the relationship between the two defendants might be.

Because there has neither been a dismissal nor an entry of default against Hilton Holdings, an entry of final judgment against Hilton Worldwide would create the risk of potentially inconsistent judgments based on identical allegations. The Ninth Circuit has described such a result as "incongruous and unfair" where "the central legal issue concerning each [defendant's] transaction was the same." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *cf. also RSM Prod. Corp. v. Fridman*, 387 F. App'x 72, 75 (2d Cir. 2010) (affirming denial of default judgment under *Frow* where non-defaulting defendants had a valid

5

defense). Because relief against both defendants should be consistent here, the Court declines to exercise its discretion to grant default judgment while Hilton Holdings remains a defendant and is not in default. *See Animal Sci. Prods.*, 596 F. Supp. 2d at 849.

## CONCLUSION

Plaintiff's motion for default judgment against Hilton Worldwide, Inc. is denied. An appropriate order follows.

DATE: 4 Jnuy 2016

William H. Walls
Senior United States District Court Judge

6